# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 13, 2018

156643

WILLIAM SCOTT ZASTROW,
       Plaintiff-Appellant,
v

CITY OF WYOMING and CITY OF
WYOMING ADMINISTRATIVE AND
SUPERVISORY EMPLOYEES ASSOCIATION,
       Defendants-Appellees.
_____/

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

SC: 156643
COA: 331791
Kent CC: 15-006824-CK

On order of the Court, the application for leave to appeal the September 5, 2017 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MCCORMACK, J. (*dissenting*.)

I would have granted leave to appeal to consider whether the plaintiff's union breached the duty of fair representation when it concluded, apparently without considering the proper legal standard, that the plaintiff's claim lacked merit.

Plaintiff William Zastrow worked for the defendant city of Wyoming as the assistant director of the Public Works Department for 13 years. Until he was fired in 2015, Zastrow had never been disciplined, had a good work record, and received a 100% rating on his last performance review. Zastrow's termination occurred after he made comments to a coworker, Randy Colvin, expressing frustration about police officers' repeated violations of a city policy that required them to remove their service weapons from their vehicles before bringing them to the garage for maintenance. Colvin had just discovered a semi-automatic rifle left in the back of a police cruiser he was working on. Colvin gave the gun to Zastrow, who made the gun safe and gave it back to Colvin to place in a secure locker. While he was still holding the gun, Zastrow complained about the frequent violations of the policy and allegedly said something like "Maybe now I will get some respect," referencing the gun. Colvin stated that he did not feel threatened. He described Zastrow's demeanor as "bummed out" and "worried." Colvin described the incident to other city employees, however, and those employees complained to city management.

The matter was eventually referred to the Department of Public Works for an investigation. After the investigation, Zastrow was fired. The city cited two grounds for termination: (1) violating a city rule that prohibited threatening statements made to another city employee at work, and (2) violating a city rule that prohibited dishonesty during an investigation.

Zastrow asked his union to pursue a grievance on his behalf. The union filed a notice of intent and formed an ad hoc committee to investigate. The grievance committee report recommended against pursuing a formal grievance. The union gave two reasons for not proceeding to arbitration. First, the union did not want to set a precedent that it would be expected to arbitrate other cases in the future. And second, the union concluded that there was a low likelihood that it could prevail at arbitration.

Zastrow brought this action claiming, in relevant part, that the union breached its duty of fair representation when it dismissed plaintiff's formal grievance without proceeding to arbitration. The trial court granted defendants' motions for summary disposition under MCR 2.116(C)(10) and dismissed the lawsuit. A divided panel of the Court of Appeals affirmed in an unpublished decision. Zastrow sought leave to appeal that decision here.

The duty of fair representation at least includes the following three responsibilities: "(1) 'to serve the interests of all members without hostility or discrimination toward any', (2) 'to exercise its discretion with complete good faith and honesty', and (3) 'to avoid arbitrary conduct'. " *Goolsby v Detroit*, 419 Mich 651, 664 (1984) (citation omitted). A union has "considerable discretion to decide which grievances shall be pressed and which shall be settled." *Lowe v Hotel & Restaurant Employees Union, Local 705*, 389 Mich 123, 146 (1973). "[A]n individual member does not have the right to demand that his grievance be pressed to arbitration . . . . When the general good [of the union's membership] conflicts with the needs or desires of an individual member, the discretion of the union to choose the former is paramount." *Id.*

The determination of what constitutes a frivolous grievance is a matter of the union's discretion. But the duty of fair representation requires that the union exercise its discretion in good faith, avoiding conduct that is arbitrary, unreasoned, or irrational. Here, the Court of Appeals majority concluded that the union's decision was based on its determination that the grievance lacked merit and would not serve the union's best interest, and that Zastrow thus failed to show that the union's decision was made in bad faith. The Court of Appeals majority seems to have ruled that because the union went through the motions of an investigation, the court must defer to its conclusions. Yet that is not our standard. "[A] union, through arbitrary conduct and absent any bad faith, can

breach its duty of fair representation." *Goolsby*, 419 Mich at 679. "In addition to prohibiting impulsive, irrational, or unreasoned conduct, the duty of fair representation also proscribes inept conduct undertaken with little care or with indifference to the interests of those affected." *Id.*

Here, the committee tasked with evaluating the individual merits of Zastrow's case did not have any experience with arbitration, had not been given any instructions, and had not considered the legal standards under which the case's merits would be evaluated. As a result, the union appears to have erroneously focused on whether it could convince the *city* to reverse its decision, when the question was whether it could convince a neutral arbitrator. As the dissenting judge pointed out,

> [A] review of the record leads to the conclusion that any attorney moderately skilled at litigation who reviewed the evidence and contractual standards relevant to this grievance would conclude that there was a strong likelihood of success, either of prevailing outright or at least in reducing the sanction.

*Zastrow v City of Wyoming*, unpublished per curiam opinion of the Court of Appeals, issued September 5, 2017 (Docket No. 331791) (SHAPIRO, J., dissenting), p 5.

*Lowe* holds that a union has discretion to abandon a claim it determines to be frivolous or that conflicts with the interests of its general membership. *Lowe*, 389 Mich at 146. But it must exercise that discretion " 'with complete good faith and honesty, . . . avoid[ing] arbitrary conduct.' " *Goolsby*, 419 Mich at 664 (citation omitted). It is not clear to me whether the seemingly unreasoned investigation undertaken here by the union's grievance committee could satisfy that standard. It is just as arbitrary to decide a claim after an inadequate or unreasoned investigation as it is to conduct no investigation at all. Moreover, I am troubled by the union's claim that it served "the general good" of its membership to avoid setting a precedent that it would arbitrate other cases in the future. Although a union could indeed avoid arbitration of meritless claims by refusing to arbitrate *any* claim, such an approach hardly qualifies as representation, much less fair representation. Accordingly, I would have granted leave to consider whether there was a question of fact as to whether the union met its duty of fair representation.

VIVIANO, J., joins the statement of MCCORMACK, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 13, 2018



p0710

Clerk